**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MIRANDA DALRYMPLE,**

     **Plaintiff,**

**v.**                               **Case No:**

**COMENITY BANK**,

     **Defendant.**                    **<u>DEMAND FOR JURY TRIAL</u>**
_____/

**<u>PLAINTIFF'S COMPLAINT WITH INJUNCTIVE RELIEF SOUGHT</u>**

**COMES NOW**, Plaintiff, **MIRANDA DALRYMPLE** ("Ms. Dalrymple" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendant**, COMENITY BANK** ("Defendant"), and in support thereof states as follows:

***<u>Introduction</u>***

1.     This action arises out of an alleged "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendant's violations of the Restrictions on Use of Telephone Equipment, 47 U.S.C. § 227 *et. seq.* ("TCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), in attempting to collect such Debt by using an automatic telephone dialing system or automated voice or prerecorded message to call and text Ms. Dalrymple's cellular telephone after Ms. Dalrymple demanded that Defendant stop calling her cellular telephone, by calling Ms.

Dalrymple's work telephone, and by calling Ms. Dalrymple's brother's cellular telephone, which can all reasonably be expected to harass Ms. Dalrymple.

### *Jurisdiction and Venue*

2.     This Court has subject matter jurisdiction over the instant case arising under the federal question presented in the TCPA pursuant to 28 U.S.C. § 1331.

3.     Venue lies in this District pursuant to 28 U.S.C. § 1391 (b) and Fla. Stat. § 559.77 (1), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

### *Parties*

4.     Plaintiff, Ms. Dalrymple, was and is a natural person and, at all times material hereto, is an adult, a resident of Pinellas County, Florida, and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

5.     Ms. Dalrymple is the "called party" as referenced in the TCPA, 47 U.S.C. § 227 (b) (1) (A) (iii), for all calls placed to cellular telephone number 843-***-9335 ("Ms. Dalrymple's Cellular Telephone").

6.     At all times material hereto, Defendant was and is an active bank with its principle place of business in the State of Delaware located at One Righter Parkway, Suite 100, Wilmington, Delaware 19803.

### *Statements of Fact*

7.     Ms. Dalrymple opened a Victoria's Secret credit card account with Defendant, which opened a unique account in Ms. Dalrymple's name ("Account").

8.     Sometime thereafter, Ms. Dalrymple encountered financial difficulties and fell behind on her payments towards the Account and incurred an outstanding balance owed thereunder ("Debt").

9.     Shortly thereafter, Defendant began placing calls and sending text messages to Ms. Dalrymple's Cellular Telephone in attempts to collect the Debt.

10.    Ms. Dalrymple spoke with Defendant on or around September 26, 2018 and demanded that Defendant stop calling and texting her Cellular Telephone.

11.    Despite Ms. Dalrymple's demand, Defendant continued to place calls and send text messages to Ms. Dalrymple's Cellular Telephone in attempts to collect the Debt.

12.    Defendant would sometimes even call and text Ms. Dalrymple's Cellular Telephone after 9:00 p.m. in attempts to collect the Debt.

13.    Defendant also called Ms. Dalrymple's work phone number, 727***6098 ("Ms. Dalrymple's Work Phone"), in attempts to collect the Debt.

14.    Ms. Dalrymple never provided Defendant with written consent to contact her employer.

15.    Defendant even called Ms. Dalrymple's brother's cellular phone number, 813***6665 ("Ms. Dalrymple's Brother"), in attempts to collect the Debt.

16.    Ms. Dalrymple never provided Defendant with written consent to contact her Brother.

17.    Defendant has called Ms. Dalrymple's Cellular Telephone at least thirty (30) times during the time period from September of 2018 to the present date.

18.     Defendant has texted Ms. Dalrymple's Cellular Telephone at least thirty (30) times during the time period from September of 2018 to the present date.

19.     Defendant called Ms. Dalrymple's Cellular Telephone from several different telephone numbers, including, but not limited to: 844-271-2550.

20.     All of Defendant's calls and text messages to Ms. Dalrymple's Cellular Telephone were placed in an attempt to collect the Debt.

21.     Defendant has harassed Ms. Dalrymple due to the timing and frequency of Defendant's calls and text messages.

### *Count 1: Violation of the Telephone Consumer Protection Act*

22.     Ms. Dalrymple re-alleges paragraphs 1-21 and incorporates the same herein by reference.

23.     The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227 (b) (1) prohibits any person:

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, . . . or any service for which the called party is charged for the call.

24.     Ms. Dalrymple revoked consent to have Defendant call her Cellular Telephone by the use of an automatic telephone dialing system ("ATDS") or artificial voice or prerecorded message in or around September of 2018 when she expressly told Defendant to stop calling her.

25.     Despite this revocation of consent, Defendant thereafter called Ms. Dalrymple's Cellular Telephone at least thirty (30) times.

26.     Despite this revocation of consent, Defendant thereafter text messaged Ms. Dalrymple's Cellular Telephone at least thirty (30) times.

27.     Defendant did not place any emergency calls to Ms. Dalrymple's Cellular Telephone.

28.     Defendant willfully and knowingly placed non-emergency calls to Ms. Dalrymple's Cellular Telephone.

29.     Ms. Dalrymple knew that Defendant called Ms. Dalrymple's Cellular Telephone using an ATDS because she heard a pause when she answered at least one of the first few calls from Defendant on her cellular telephone before a live representative of Defendant came on the line.

30.     Ms. Dalrymple knew that Defendant called Ms. Dalrymple's Cellular Telephone using a prerecorded voice because Defendant left Ms. Dalrymple at least one voicemail using a prerecorded voice.

31.     Defendant used an ATDS when it placed at least one call to Ms. Dalrymple's Cellular Telephone.

32.     Under information and belief, Defendant used an ATDS when it placed at least ten calls to Ms. Dalrymple's Cellular Telephone.

33.     Under information and belief, Defendant used an ATDS when it placed at least twenty calls to Ms. Dalrymple's Cellular Telephone.

34.     Under information and belief, Defendant used an ATDS when it placed all calls to Ms. Dalrymple's Cellular Telephone.

35.     At least one call that Defendant placed to Ms. Dalrymple's Cellular Telephone was made using a telephone dialing system that has the capacity to store telephone numbers to be called.

36.     At least one call that Defendant placed to Ms. Dalrymple's Cellular Telephone was made using a telephone dialing system that has the capacity to produce telephone numbers to be called without human intervention.

37.     At least one call that Defendant placed to Ms. Dalrymple's Cellular Telephone was made using a telephone dialing system that uses a random number generator.

38.     At least one call that Defendant placed to Ms. Dalrymple's Cellular Telephone was made using a telephone dialing system that uses a sequential number generator.

39.     At least one call that Defendant placed to Ms. Dalrymple's Cellular Telephone was made using a prerecorded voice.

40.     Defendant has recorded at least one conversation with Ms. Dalrymple.

41.     Defendant has recorded more than one conversation with Ms. Dalrymple.

42.     Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message to place call individuals to collect alleged debts from said individuals, such as Ms. Dalrymple, for its financial gain.

43.     Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message, and to place calls to individuals using such devices, just as it did to Ms. Dalrymple's Cellular Telephone, with no way for the called party and recipient of the calls to permit, elect, or invoke the removal of the called party and recipient of the calls' cellular telephone number from Defendant's call list.

44.     The structure of Defendant's corporate policies and/or procedures permits the continuation of calls to individuals like Ms. Dalrymple, despite individuals like Ms. Dalrymple revoking any consent that Defendant believes it may have to place such calls.

45.     Defendant knowingly employs methods and has corporate policies and procedures that do not permit the cessation or suppression of calls placed using an ATDS to individual's cellular telephones, like the calls that it placed to Ms. Dalrymple's Cellular Telephone.

46.     Defendant has corporate policies to abuse and harass consumers like Ms. Dalrymple.

47.     Defendant has been sued in federal court where the allegations include: calling an individual using an ATDS after the individual asked for the calls to stop.

48.     Defendant has been sued in federal court where the allegations include: calling an individual using an automated or prerecorded voice after the individual asked for the calls to stop.

49.     Defendant's phone calls harmed Ms. Dalrymple by causing her embarrassment.

50.     Defendant's phone calls harmed Ms. Dalrymple by causing her to lose sleep.

51.     Defendant's phone calls harmed Ms. Dalrymple by being a nuisance and causing her aggravation.

52.     Defendant's phone calls harmed Ms. Dalrymple by causing her anxiety.

53.     All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

a.   Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation;

b.   Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);

c.   Awarding Plaintiff costs;

d.   Ordering an injunction preventing further wrongful contact by the Defendant; and

e.   Any other and further relief as this Court deems just and equitable.

### _Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA")_

54.     Ms. Dalrymple re-alleges paragraphs 1-21 and incorporates the same herein by reference.

55.     Defendant violated the FCCPA.  Defendant's violations include, but are not limited to, the following:

   a.  Defendant violated Fla. Stat. § 559.72(4) by calling Ms. Dalrymple's Work Phone without Ms. Dalrymple's written consent and before obtaining a final judgment against Ms. Dalrymple.

   b.  Defendant violated Fla. Stat. § 559.72(5) by calling Ms. Dalrymple's Brother and disclosing to a person other than Ms. Dalrymple information affecting Ms. Dalrymple's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information.

   c.  Defendant violated Fla. Stat. § 559.72(7) by continuing to call and text Ms. Dalrymple's Cellular Telephone despite Ms. Dalrymple's demand that Defendant stop calling and texting her Cellular Telephone, which can reasonably be expected to harass Ms. Dalrymple.

   d.  Defendant violated Fla. Stat. § 559.72(17) by calling Ms. Dalrymple's Cellular Telephone outside of the hours of 8 a.m. and 9:00 p.m.

56.   As a result of the above violations of the FCCPA, Ms. Dalrymple has been subjected to unwarranted and illegal collection activities and harassment for which she has been damaged.

57.     Defendant's phone calls harmed Ms. Dalrymple by causing her embarrassment.

58.     Defendant's phone calls harmed Ms. Dalrymple by causing her to lose sleep.

59.     Defendant's phone calls harmed Ms. Dalrymple by being a nuisance and causing her aggravation.

60.     Defendant's phone calls harmed Ms. Dalrymple by causing her anxiety.

61.     It has been necessary for Ms. Dalrymple to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

62.     All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

a.  Awarding statutory damages as provided by Fla. Stat. § 559.77;

b.  Awarding actual damages;

c.  Awarding punitive damages;

d.  Awarding costs and attorneys' fees;

e.  Ordering an injunction preventing further wrongful contact by the Defendant; and

f.  Any other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, Miranda Dalrymple, demands a trial by jury on all issues so triable.

Respectfully submitted this **March 29, 2019,**

/s/ Michael A. Ziegler
Michael A. Ziegler, Esq.
Florida Bar No. 74864
mike@zieglerlawoffice.com

/s/ Kaelyn Steinkraus
Kaelyn Steinkraus, Esq.
Florida Bar No. 125132
kaelyn@zieglerlawoffice.com

Law Office of Michael A. Ziegler, P.L.
2561 Nursery Road, Suite A
Clearwater, FL 33764
(p)  (727) 538-4188
(f)  (727) 362-4778
Attorneys and Trial Counsel for Plaintiff